UNITED STATES DISTRICT COURT
EASTER DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOANN COPELAND,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, L.P.,<br><br>Defendant. | Case No.: 2:10-cv-12521<br><br>Judge Robert H. Cleland |

STIPULATION FOR PROTECTIVE ORDER

The parties to this action, Defendant Wal-Mart Stores East, L.P. ("Defendant") and Plaintiff Joann Copeland ("Plaintiff"), by their respective counsel, hereby stipulate and request that the Court enter a mutual protective order pursuant to Fed. R. Civ. P. 26 as follows:

1. Plaintiff and Defendant have mutually agreed to certain designated measures that will protect their respective interests in connection with discovery requests.

2. The measures designated by Plaintiff and Defendant are reasonable and will not prejudice anyone or unduly burden the Court.

3. The Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure.

4. The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

(a) Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the parties; compensation of Defendant's current or former personnel; policies, procedures and/or training materials of Defendant; and/or Defendant's organizational structure;

(b) Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor;

1

(c) Any documents relating to the medical and/or health information of any of Defendant's current or former employees or contractors;

(d) Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

5. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential. Defendant will use its best efforts to limit the number of documents designated Confidential.

6. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

7. Qualified recipients shall include only the following:

(a) In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

(b) Deposition notaries and staff;

(c) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

(d) Deponents during the course of their depositions or potential witnesses of this case; and

(e) The parties to this litigation, their officers and professional employees.

8. Each counsel shall be responsible for providing notice of the Protective Order and

the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential materials that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

9. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

10. All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose. Documents, information or materials designated as Confidential may be filed with the Court. Should any party have good cause to seal from public view any Confidential Information that is filed with the Court, that party must file a separate and specific motion for such protection, and the motion will only be granted for good cause shown and if consistent with Sixth Circuit case law regarding

filing materials under seal.

11. Nothing in this Order shall prevent either party from using any information classified as Confidential at trial, during a hearing, or similar proceedings in this action only. However, Plaintiff and Defendant (or the party that designated the Confidential Information in question) may request that the portion of the proceedings where said use is made shall be <u>in camera</u> and that the transcript of that portion of the proceeding be maintained under seal in accordance with paragraph 10 hereof, with access thereto limited to Court personnel and persons entitled to access under this Order.

12. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

13. Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the parties may request the return of all previously furnished Confidential Information, including any copies thereof, and each person or party to whom such Confidential Information has been furnished or produced shall be obligated to return it within thirty (30) days of said request.

14. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

15. Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

16. The Clerk of Court will forward a certified copy of the Protective Order to all counsel of record at the addresses listed in the signature lines below.

| BURGESS & SHARP, PLLC | BARNES & THORNBURG LLP |
| Attorneys for Plaintiff | Attorneys for Defendant |

/s/with consent of Heidi T. Sharp                /s/ Kelly A. Powis

| Heidi T. Sharp | Kelly A. Powis (P71876) |
| 15985 Canal Road | 171 Monroe Avenue, N.W., Suite 1000 |
| Clinton Township, MI 48038 | Grand Rapids, Michigan 49503-2694 |
| Telephone: (586) 226-2627 | Telephone: (616) 742-3984 |
| Facsimile: (586) 226-2630 | Facsimile: (616) 742-3999 |
| E-mail: heidi@burgess-sharp.com | E-mail: kelly.powis@btlaw.com |

The Court finds that good cause exists for this protective order.

**APPROVED AND SO ORDERED**:

Dated:  9/9/2010                                            s/Robert H. Cleland
                                                                         Hon. Robert H. Cleland

GRDS01 406974v1

5